UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MELANIE GIDDEN

VERSUS

IMMUCOR, INC., ET AL

CIVIL ACTION

NUMBER 14-374-SDD-SCR

**ORDER TO AMEND COMPLAINT**

Plaintiff Melanie Gidden filed this civil action asserting subject matter jurisdiction under 28 U.S.C. § 1332(a), diversity of citizenship. However, a review of the plaintiff's complaint shows that the allegations with regard to the citizenship of the parties are not sufficient to establish diversity jurisdiction.

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and ©).[1]

For individuals state citizenship for diversity purposes is generally synonymous with domicile. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

Under § 1332(c)(1) a corporation is a citizen of every state and foreign state in which it is incorporated, and of the state or foreign state in which it has its principal place of business.

---

[1] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662); *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).

For purposes of diversity, the citizenship of a limited liability company or partnership is determined by considering the citizenship of all its members.² Thus, to properly allege the citizenship of a limited liability company or partnership, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and ©).³ The state where a limited liability company or partnership is organized and where it has its principal place of business does not determine its citizenship for the purpose of § 1332.

Plaintiff's allegations as to her domicile and that of defendant Martin V. Getz are sufficient. However, the allegations regarding the citizenship of defendants Immucor, Inc., Computershare Trust Company, N.A., Computershare Shareholder Services, Inc., Computershare Services, Inc., and Safeco Insurance Company America are insufficient.⁴ This deficiency makes it impossible for the court to determine the citizenship of these

---

² *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

³ The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are); *Mullins*, *supra*.

⁴ Record document number 1, Complaint, ¶¶ 2.A, 2.B and 2.D.

defendants, and consequently, whether there is complete diversity of citizenship.

Therefore;

IT IS ORDERED that plaintiff Melanie Gidden shall have 14 days to file an Amended Complaint which corrects the deficient citizenship allegations for the defendants cited in this order.

**Failure to comply with this order may result in the plaintiff's complaint being dismissed without further notice for lack of subject matter jurisdiction.**

Baton Rouge, Louisiana, June 18, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE